**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Mark ATKIN, Defendant–Appellant.**

No. 93–3196.

United States Court of Appeals, Seventh Circuit.

Argued June 15, 1994.

Decided July 7, 1994.

---

**3.** Robert Mullins, a minority owner of Photo-cut, was found not guilty by Judge Evans.

Andrew B. Baker, Jr., Asst. U.S. Atty., Dyer, IN (argued), for plaintiff-appellee.

Fred R. Hains, South Bend, IN (argued), for defendant-appellant.

Before ESCHBACH, EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Testifying before a grand jury, Mark Atkin denied that he had ever seen Paul Rockholt possess or use methamphetamine. A jury convicted Atkin of perjury, which under the Sentencing Guidelines has a base offense level of 12, enhanced by three if the lie caused "the unnecessary expenditure of substantial governmental or court resources." U.S.S.G. § 2J1.3(b)(2) comment 1. A prosecutor told the probation officer who prepared the presentence report that Atkin's misstatements caused the grand jury to summon five additional witnesses, from as far away as Texas. The judge concluded that putting on these additional witnesses, needed to establish Rockholt's criminal activities, produced an "unnecessary expenditure of substantial governmental or court resources." He sentenced Atkin to 24 months' imprisonment, the highest sentence in the range for level 15 and criminal history I. Atkin contends that uncorroborated hearsay may not be the basis for sentencing under the guidelines.

■ The prosecutor's statement, relayed through the probation officer, was indeed hearsay. But the Rules of Evidence do not apply to sentencing, Fed.R.Evid. 1101(d)(3), where hearsay is a staple. *Nichols v. United States,* —— U.S. ——, —— —— ——, 114 S.Ct. 1921, 1927–28, 128 L.Ed.2d 745 (1994). Judges must ensure that the hearsay they use is reliable (just as they must ensure that the live testimony on which they base their decisions is reliable), and corroboration is a step toward, but no guarantee of, reliability. Sometimes the corroboration is illusory; sometimes hearsay is rock solid without corroboration. Our review of the district judge's assessment is deferential, *United States v. Corbin,* 998 F.2d 1377, 1385–86 (7th Cir.1993); *United States v. Campbell,* 985 F.2d 341, 348 (7th Cir.1993), and we have never held that corroboration is essential in sentencing. The whole history of sentencing cuts the other way; until recently judges relied on intuition and hunch, a process sustained by the Supreme Court. *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). See also *United States v. Masters,* 978 F.2d 281, 286–87 (7th Cir.1992).

The transcripts of the grand jury, which show witnesses testifying after Atkin, supply documentary support for the prosecutor's claims. The prosecutor could have provided the probation officer with travel vouchers

and other physical evidence of the witnesses' movements and toted up the cost to the government. Although such documents would have quantified the costs, they would not have established *causation.* Neither the transcripts of the grand jury nor the travel documents show that these witnesses were called because of Atkin's lies. Maybe they would have been called anyway. The prosecutor has substantial discretion over such matters, and the best way to explore causation is to take a tour through his thought processes. The prosecutor offered a monologue to the probation officer, and the district judge was sufficiently impressed by the reputation for veracity maintained by the United States Attorney's office to credit it. Relying on an institutional reputation—one whose loss would cost the prosecutor dearly—as compared with facial twitches and other means of assessing credibility, cannot be thought irrational.

Atkin believes that this procedure left him defenseless. How so? True, he didn't have a chance if he let the presentence report pass without challenge. But he was entitled to put on evidence of his own. What better source of evidence than the prosecutor and the case agents? (Rockholt was under investigation for both drug and tax offenses, so there would have been two case agents.) His lawyer could have questioned these hostile witnesses as if on cross-examination, and he could have demanded that they produce documents to back up their claims. Because the sentencing proceeding offered Atkin the *opportunity* to have live testimony, and to test through the means of cross-examination the evidence against him, he has received his due. *United States v. Beal,* 960 F.2d 629, 634 (7th Cir.1992). A court cannot, and the Constitution does not, ensure that all evidence offered in sentencing (or at trial) is reliable. At criminal trials scoundrels often supply the key evidence. All a court can do is offer procedures that are adequate to sift good evidence from fabrications and suppositions. *United States ex rel. Villa v. Fairman,* 810 F.2d 715, 718–19 (7th Cir.1987). The procedures employed here met that standard.

Relying on hearsay narratives but allowing the adverse party an opportunity to cross-examine is the dominant method of taking evidence in judicial systems outside the United States. It is used within this nation in administrative adjudication as well as in sentencing. E.g., *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Witnesses supply written narratives, sometimes under oath, and are made available for cross-examination on demand. Unless the party aggrieved by the evidence exercises the right to cross-examine, the written declaration is the end of matters. In many nations even cross-examination is unavailable; judges do all of the interrogation, and the parties can do no more than suggest questions for judges to propound. Judges rely on the self-interest of the parties to flag declarations believed to be unreliable, and they rely on their own skills to get at the truth. Like other judges the world 'round, we believe that the combination of declaration plus an opportunity for live questioning permits reliable fact-finding.

■ This case presents a potential complication: the declaration came from the prosecutor who conducted the case before the grand jury. The same attorney also represented the United States at trial. As a rule, attorneys should not testify as witnesses in the same cases in which they serve as advocates. *Gusman v. Unisys Corp.,* 986 F.2d 1146, 1148 (7th Cir.1993). Atkin does not contend, however, that this hindered his opportunity to present evidence. We assume that, if the prosecutor had been called, some other attorney would have assumed the representation of the United States' interests. When invoking § 2J1.3(b)(2) and similar provisions in the future, however, prosecutors should lay a better groundwork for testimony by ensuring that the case agents rather than the trial attorneys are the principal source of evidence.

AFFIRMED.