In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-1596

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LORENZO DAVILA-RODRIGUEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02 CR 30081—**G. Patrick Murphy**, *Chief Judge.*

ARGUED NOVEMBER 1, 2006—DECIDED NOVEMBER 17, 2006

Before KANNE, EVANS and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* Lorenzo Davila-Rodriguez pled guilty to one count of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846 and was sentenced to 262 months' imprisonment. Davila-Rodriguez challenges his sentence on appeal. We affirm.

## I. BACKGROUND

On July 16, 2002, Davila-Rodriguez was one of 28 people indicted by a grand jury for a drug conspiracy centered in the St. Louis, Missouri area. The conspiracy imported significant quantities of cocaine and marijuana from Mexico

via El Paso, Texas and New Mexico to St. Louis. The drugs were repackaged into smaller quantities and re-sold to mid-level drug dealers. Through its investigation, the government determined that the conspiracy was led by Juan Francisco Gonzalez and Davila-Rodriguez was a top lieutenant. According to the government, Davila-Rodriguez directed others in distributing drugs, maintained records and stash houses, conducted counter-surveillance and recruited new members. Davila-Rodriguez also participated in the planning of a murder-for-hire scheme but the scheme was never carried out.

The district court set a June 8, 2004 trial date in the case. The government and Davila-Rodriguez discussed the possibility of a guilty plea during the spring of 2004. The government sent Davila-Rodriguez a letter dated April 29, 2004 setting May 10, 2004 as the final day for notifying the government of his intention to plead guilty in order to qualify for the timely notification reduction pursuant to Sentencing Guidelines § 3E1.1(b). Davila-Rodriguez notified the government on May 10, 2004 of an intent to plead guilty but he never entered into a formal plea agreement with the government. The government followed up with Davila-Rodriguez in a May 11, 2006 letter to clarify the extent of his plea intentions. Davila-Rodriguez informed the government of a general intent to plead guilty but nothing more. In light of Davila-Rodriguez's response, the government concluded that it still needed to prepare certain portions of its case for trial.

Davila-Rodriguez pled guilty on May 24, 2004 without a formal plea agreement or formal stipulation of facts. He did not admit to involvement with more than five kilograms of cocaine, participating in the murder-for-hire scheme, or having a managerial or supervisory role in the drug conspiracy. In the Presentence Investigation Report ("PSR"), the Probation Officer concluded that Davila-Rodriguez was a major participant in the drug conspiracy and that he was

responsible for at least 200 kilograms of cocaine. Davila-Rodriguez objected to the PSR's drug calculation and its conclusion that he was a manager in the conspiracy.

At sentencing, the government presented testimony from a Drug Enforcement Administration ("DEA") agent who had participated in the investigation to substantiate the information set forth in the PSR. The DEA agent presented evidence based on both his own personal knowledge and he also provided summaries of evidence collected by others in the investigation. The government also refused to make a motion for a reduction under Guidelines § 3E1.1(b), arguing that Davila-Rodriguez's notification of his intent to plead guilty was not sufficient to qualify for the reduction. The district court agreed with the PSR's conclusions that Davila-Rodriguez was responsible for 200 kilograms of cocaine and that he played a managerial role in the conspiracy. The district court also concluded that it was unable to consider the one-point reduction under Guidelines § 3E1.1(b) because of the government refusal to move for the reduction. Davila-Rodriguez's total offense level was then calculated at 39, his Criminal History Category was I and his resulting Sentencing Guidelines range was 262 to 372 months. The district court imposed a sentence of 262 months.

## II. ANALYSIS

Davila-Rodriguez challenges the district court's calculation of the Sentencing Guidelines range and argues that his sentence is unreasonable. We easily reject Davila-Rodriguez's arguments regarding: (1) the district court's reliance on hearsay evidence, (2) the district court's factual findings as to the 200 kilograms of cocaine and his managerial role, and (3) his claim of an unwarranted sentencing disparity in comparison to his co-defendants pursuant to 18 U.S.C. § 3553(a)(6). The district court properly considered other-

wise reliable hearsay evidence because "[h]earsay is admissible at sentencing. . . . Sentencing judges are entitled to use any procedures adequate to reach informed and accurate decisions." *United States v. Roche*, 415 F.3d 614, 618 (7th Cir. 2005) (citing *Williams v. New York*, 337 U.S. 241 (1949); *United States v. Atkins*, 29 F.3d 267 (7th Cir. 1994); *United States v. Escobar-Mejia*, 915 F.2d 1152, 1154 (7th Cir. 1990) (internal quotations omitted)).[1] We also conclude, based on our review of the record, that the district court's "sentenc[ing] determinations" as to the 200 kilograms of cocaine and Davila-Rodriguez's management role were "based on reliable evidence," *United States v. Noble*, 246 F.3d 946, 951 (7th Cir. 2001) (citing *United States v. Pigee*, 197 F.3d 879, 889 (7th Cir. 1999); *United States v. Howard*, 80 F.3d 1194, 1204 (7th Cir. 1996)), and therefore the district court did not misapply the Guidelines nor commit clear error when it made these factual findings. *United States v. Warren*, 454 F.3d 752, 762 (7th Cir. 2006) (citing *United States v. Davis*, 442 F.3d 1003, 1008-09 (7th Cir. 2006) ("We review the district court's application of the Guidelines de novo and its factual determinations for clear error.")). Finally, we reject Davila-Rodriguez's argument that his sentence is unreasonable when compared to the sentences imposed on other defendants in this case because "the kind of 'disparity' with which [18 U.S.C.] § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case." *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006).

Davila-Rodriguez's argument as to Guidelines § 3E1.1(b) requires a bit more discussion. Guidelines § 3E1.1(a) allows a two-level reduction "if the defendant clearly demonstrates

---

[1] We recognize that Davila-Rodriguez raises this argument in order to preserve it for future appeal in light of the Supreme Court's decision in *Crawford v. Washington.* 541 U.S. 36 (2004).

acceptance of responsibility." U.S.S.G. § 3E1.1(a). A defendant, who qualifies for a § 3E1.1(a) reduction, and has an offense level of 16 or greater before the operation of § 3E1.1(a), can qualify for an additional one-level reduction under § 3E1.1(b) if the defendant provides "timely notifi[cation to the government] of his intention to enter a plea of guilty." U.S.S.G. § 3E1.1(b). The purpose of § 3E1.1(b) is to provide an incentive to defendants to provide a timely notification so as to permit the "government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." *Id.* The government argues that Davila-Rodriguez's less than complete notification of his intentions required it to continue to prepare for trial. As such, the government did not save resources and in turn the government determined that it was inappropriate to move for a reduction under § 3E1.1(b). We agree with the government's conclusion that Davila-Rodriguez's less than complete response resulted in unnecessary preparation for the government and therefore the government properly refused to bring the § 3E1.1(b) motion.[2]

In conclusion, the district court understood the advisory nature of the Guidelines, properly calculated the Guidelines

---

[2] The government also argues that the decision to bring a motion under § 3E1.1(b) is at the complete discretion of the government. We do note that Congress amended § 3E1.1(b) in the PROTECT Act of 2003 to require that a motion be made by the government stating that the defendant has assisted authorities in order to qualify for the § 3E1.1(b) one-level reduction. U.S.S.G. § 3E1.1(b). This requirement was added by Congress "because the government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial." U.S.S.G. § 3E1.1 cmt. n.6 (citing Pub. L. No. 108-21, § 401(g), 117 Stat. 650, 671-72 (2003)). As we need not consider this argument in order to resolve this case, we shall leave it for another day.

range and considered the sentencing factors set forth in 18 U.S.C. § 3553(a). Davila-Rodriguez's sentence of 262 months' imprisonment is within the Guidelines range of 262 to 372 months imprisonment and is therefore entitled to a rebuttable presumption of reasonableness. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). We see no reason to find Davila-Rodriguez's sentence unreasonable and therefore it shall be affirmed.

## III. CONCLUSION

Davila-Rodriguez's sentence is AFFIRMED.

A true Copy:

　　　Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*