NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2007
Decided July 3, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 07-1320

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 CR 993 |
| DAVID ROUNSAVILLE, *Defendant-Appellant.* | Samuel Der-Yeghiyan, *Judge.* |

**O R D E R**

David Rounsaville pleaded guilty to bank robbery, 18 U.S.C. § 2113(a), and using and carrying a firearm in furtherance of a crime of violence, *id.* § 924(c)(1)(A)(i). The district court sentenced him within the guidelines range to 110 months' imprisonment for the bank robbery and to a mandatory consecutive term of 60 months' imprisonment for using the firearm. Rounsaville filed a notice of appeal, but his appointed counsel moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738 (1967). We invited Rounsaville to comment on counsel's motion, *see* Cir. R. 51(b), and he has responded that he wants to challenge his sentence but does not add to the potential grounds evaluated by counsel. Our review is thus limited to the potential issues

identified in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

As part of its written plea agreement with Rounsaville, the government stipulated that a two-level reduction under U.S.S.G. § 3E1.1(a) was "appropriate" if Rounsaville continued to accept responsibility. The government also agreed to move for an additional one-level reduction under § 3E1.1(b) if his offense level was high enough to make him eligible for that further reduction. Rounsaville, however, failed to appear for his sentencing, and when he was caught the government, not surprisingly, opposed any reduction for acceptance of responsibility and instead recommended a three-level increase under U.S.S.G. § 3C1.1 for obstruction of justice. Rounsaville conceded that he had obstructed justice and thus lost his chance for the first two acceptance points under § 3E1.1(a). But counsel argued that the plea agreement still obligated the government to recommend one acceptance point under § 3E1.1(b). Counsel pointed out that, while the plea agreement expressly conditioned a reduction under § 3E1.1(a) on Rounsaville's *continued* acceptance of responsibility, the provision involving § 3E1.1(b), paragraph 6(g), includes no similar language. In counsel's view, paragraph 6(g) conditioned the government's duty solely on Rounsaville's pleading guilty; that paragraph reads:

> Defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, within the meaning of Guideline § 3E1.1(b). Accordingly, at the time of the defendant's sentencing hearing, the government will move for an additional 1-level reduction in the offense level, provided the Court determines the offense level to be 16 or greater prior to the operation of Guideline § 3E1.1(a).

The district court rejected Rounsaville's argument and adopted the government's position in full. The judge then considered but was unpersuaded by several submissions Rounsaville offered in support of a sentence below the guidelines range.

In his *Anders* submission, counsel first considers reiterating his argument that the government breached the plea agreement by refusing to recommend one acceptance point under § 3E1.1(b). Counsel concludes that it would be frivolous to raise this argument on appeal because the district court ultimately imposed a reasonable sentence.

Counsel's reasoning is off the mark; although advisory, the guidelines still must be properly calculated. *United States v. Robinson,* 435 F.3d 699, 700-01 (7th

Cir. 2006).  We would thus review Rounsaville's interpretation of the plea agreement, and do so *de novo.  United States v. Sowemino,* 335 F.3d 567, 571 (7th Cir. 2003).  Nonetheless, we agree with counsel's conclusion that an argument premised on the plea agreement and § 3E1.1(b) would be frivolous because we could not conclude that the government breached the agreement.  Since plea agreements are contracts, their content and meaning are determined according to ordinary contract principles.  *See United States v. Pappas,* 409 F.3d 828, 830 (7th Cir. 2005).  The terms of promises must be read according to their natural meaning, *United States v. Salazar,* 453 F.3d 911, 914 (7th Cir. 2006), and in light of the parties' reasonable expectations, *United States v. Atkinson,* 259 F.3d 648, 654 (7th Cir. 2001); *United States v. Matchopatow,* 259 F.3d 847, 852 (7th Cir. 2001).  The "natural meaning" of paragraph 6(g) is that the government would move for a third acceptance point under § 3E1.1(b) only if Rounsaville qualified for the first two points under § 3E1.1(a).  This meaning is easily gleaned from the paragraph's plain language, which refers to an "*additional* one point reduction" (emphasis added).  Plus, according to the guidelines, the one-point reduction in § 3E1.1(b) is available only "[i]f the defendant qualifies for a decrease under subsection (a)."  U.S.S.G. § 3E1.1(b); *see id.* cmt. n.6; *United States. v. Davila-Rodriguez,* 468 F.3d 1012, 1014 (7th Cir. 2006).  Rounsaville therefore could not have "reasonably expected" the government to move for an acceptance point under § 3E1.1(b) after he conceded, rightfully, that his flight ended any claim to the first two acceptance points available under § 3E1.1(a).  *See United States v. Buckley,*  192 F.3d 708, 711 (7th Cir. 1999) ("[We] do not see how obstruction of justice at the sentencing hearing can be thought consistent with acceptance of responsibility.").

Counsel also considers challenging the reasonableness of Rounsaville's overall prison sentence.  We agree with counsel that such a challenge would be frivolous.  Rounsaville's guidelines-range sentence is presumed reasonable, *see United States v. Gama-Gonzales,* 469 F.3d 1109, 1110 (7th Cir. 2006), but we would find Rounsaville's sentence reasonable even without that presumption.  *See United States v. Rita,* No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted,* 75 U.S.L.W 3246 (U.S. Nov. 3, 2006) (No. 06-5754).  The district court gave meaningful consideration to the relevant factors under 18 U.S.C. § 3553(a), *see United States v. Laufle,* 433 F.3d 981, 987 (7th Cir. 2006), and counsel is unable to articulate any basis for arguing that the sentence imposed is unreasonable.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.