NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 22, 2009
Decided February 3, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-1399

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 07-CR-116-S-01 |
| TIMOTHY M. SWEETLAND, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Timothy Sweetland pleaded guilty to conspiring to possess with intent to distribute methamphetamine, *see* 21 U.S.C. §§ 846, 841(a)(1), and the district court sentenced him to 87 months' imprisonment. Sweetland filed a notice of appeal, but his appointed counsel moves to withdraw because he is unable to discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Sweetland has not accepted our invitation to comment on counsel's submission under Circuit Rule 51(b). We therefore limit our review to the potential issues identified in counsel's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Sweetland, a California resident, met Michael Kitchen while visiting a friend in Wisconsin. Kitchen was selling methamphetamine in Wisconsin, and Sweetland agreed to become a supplier by purchasing the drug in California and then shipping it to Wisconsin. Sweetland set the price, and Kitchen began placing regular orders. After Sweetland had filled Kitchen's orders for a couple of months, Sweetland introduced Kitchen to Lauren Pitchell, who also became a supplier. Kitchen continued to place orders and send money to Sweetland, and Sweetland would instruct Pitchell to fill the orders. Sweetland in turn would give Pitchell a share of the receipts, while keeping the greater part for himself. This arrangement continued for approximately six months until law enforcement discovered the operation, and all three were arrested. Sweetland later pleaded guilty to the sole charge of conspiring to possess with intent to distribute methamphetamine.

Counsel first considers whether Sweetland could challenge his conviction. But as counsel acknowledges, Sweetland does not want his guilty plea set aside, and accordingly, counsel properly omits any discussion about the adequacy of Sweetland's plea colloquy or the voluntariness of his plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel next considers whether Sweetland could challenge the court's two-level upward adjustment for Sweetland's role in the offense as "an organizer, leader, manager, or supervisor." *See* U.S.S.G. § 3B1.1(c). Because Sweetland objected to the adjustment at sentencing, our review of the court's finding would be for clear error. *See United States v. Johnson*, 489 F.3d 794, 796 (7th Cir. 2007). When determining whether to apply the upward adjustment under § 3B1.1, the guidelines instruct the court to consider seven factors: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning and organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, cmt. n.4; *United States v. Pira*, 535 F.3d 724, 730 (7th Cir. 2008). But any challenge to the district court's ruling here would be frivolous. The court considered Sweetland's recruitment of Pitchell, his decisions in setting the price, and his receipt of the lion's share of the proceeds. This finding is supported by the evidence and would not be clearly erroneous. *See United States v. Martinez*, 520 F.3d 749, 752 (7th Cir. 2008) (upholding application of § 3B1.1(c) where defendant arranged logistics and coordinated activities of others in drug-trafficking conspiracy).

Finally, counsel considers a potential challenge to the reasonableness of Sweetland's sentence, given that his 87-month sentence is longer than the one-year sentence and the four-and-a-half-year sentence that Kitchen and Pitchell, respectively, received. However, we do not view the discrepancy between sentences of co-defendants as a basis for challenging a sentence. *United States v. Omole*, 523 F.3d 691, 700 (7th Cir. 2008). We will only disturb a sentence on the basis of sentence disparity if it diverges from all other similar sentences imposed nationwide. *Id.*; *United States v. Davila-Rodriguez*, 468 F.3d 1012, 1014 (7th Cir. 2006). In any event, the court correctly calculated the applicable guidelines range, and after carefully adjusting Sweetland's criminal history category from IV to III, an adjustment that was certainly in Sweetland's favor, the court sentenced Sweetland within the guidelines range as calculated; we therefore would presume his sentence reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462-64 (2007); *United States v. Hendrix*, 509 F.3d 362, 376 (7th Cir. 2007). And although the court did not explicitly address the question of sentencing disparity, its correct calculation of the guidelines range makes consideration of it implicit. *See Gall v. United States*, 128 S. Ct. 586, 599 (2007); *Omole*, 523 F.3d at 697-98.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.