NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 25, 2009
Decided February 27, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2875

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 06 CR 330-1 |
| THOMAS M. SIRTOFF, | |
| *Defendant-Appellant.* | Charles R. Norgle, |
| | *Judge.* |

**O R D E R**

Thomas Sirtoff pleaded guilty to conspiring to possess and distribute more than fifty grams of crack, *see* 21 U.S.C. §§ 841(a)(1), 846, and to possessing a firearm after being convicted of a felony, 18 U.S.C. § 922(g)(1).  He was sentenced to concurrent terms of 235 and 120 months in prison.  Sirtoff appeals, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738, 744 (1967).  Sirtoff declined our invitation to respond to counsel's submission, *see* CIR. R. 51(b), and so we confine our review to the issues outlined in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers several potential arguments as to whether Sirtoff's guilty plea was knowing or voluntary. But counsel also informs us that Sirtoff has not sought to withdraw his plea, and thus counsel should not have included these arguments in his brief. *United States v. Knox*, 287 F.3d 667, 672 (7th Cir. 2002).

Counsel next considers whether Sirtoff could argue that the district court applied an incorrect statutory minimum for the firearms charge and therefore imposed an unreasonable sentence. At sentencing, the court described the firearms charge as carrying "a mandatory ten years," when in fact the charge carries a ten-year maximum sentence and no minimum. *See* 18 U.S.C. § 924(a)(2). Nonetheless, the misstatement would be deemed harmless because the court correctly applied the statutory maximum. Where, as here, a defendant is convicted of various offenses involving substantially the same conduct, the court groups the counts together for purposes of sentencing. *See* U.S.S.G. § 3D1.1(a). The count carrying the highest applicable offense level applies to the entire group for sentencing purposes. *See id.* §§ 3D1.3(a), 5G1.2 cmt. n.1; *United States v. Spano*, 476 F.3d 476, 478 (7th Cir. 2007). In this case, the court imposed a sentence of 235 months in prison for the conspiracy charge, the most serious charge. The court would therefore have also imposed a concurrent sentence of 235 months in prison for the firearms charge, were it not prevented by the 120-month statutory maximum. *See* U.S.S.G. § 5G1.1(a); *United States v. De la Torre*, 327 F.3d 605, 610 (7th Cir. 2003). That it imposed a concurrent sentence of 120 months in prison reflects its awareness of the statutory maximum. Any argument that the misstatement was not harmless would be frivolous.

Finally, counsel asks whether Sirtoff could argue that his sentence was reasonable in light of the large disparity with his codefendants' sentences. District courts must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). The district court sentenced his three codefendants to sixty months, fifty-seven months, and forty-eight months in prison, all more than fourteen years less than Sirtoff. A fourth codefendant's case is still pending. However, disparities among codefendants may be warranted when properly calculated sentencing ranges for individual defendants differ. *See United States v. Duncan*, 479 F.3d 924, 929 (7th Cir. 2007). We would disturb Sirtoff's sentence only if it created a disparity between the length of the sentence and other similar sentences imposed nationwide. *See United States v. Davila-Rodriguez*, 468 F.3d 1012, 1014 (7th Cir. 2006). In this case, Sirtoff's codefendants had lower criminal history scores and were not career offenders; thus they were sentenced under different guideline ranges.

We therefore GRANT the motion to withdraw and DISMISS Sirtoff's appeal.