In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2508

DATQUNN SAWYER,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 7665 — **Charles P. Kocoras**, *Judge.*

ARGUED SEPTEMBER 6, 2017 — DECIDED OCTOBER 20, 2017

Before BAUER, EASTERBROOK, and HAMILTON, *Circuit Judges*.

BAUER, *Circuit Judge.* On November 21, 2011, a jury con-
victed Datqunn Sawyer of multiple counts of sex trafficking,
conspiracy to commit sex trafficking, and attempted sex
trafficking, in violation of 18 U.S.C. §§ 1591(a) and 1594(c). The
district court sentenced Sawyer to 50 years in prison.

On September 30, 2014, after his convictions were upheld on appeal, Sawyer filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2255, setting forth eight individual claims for relief. Only one of those—a claim of ineffective assistance of trial counsel—is relevant to this appeal.

In Count II of his petition, Sawyer stated that "the Government offered the Petitioner a plea offer, which included a term of imprisonment of 15 years in exchange for a plea of guilty." According to Sawyer, his trial counsel told him of the offer, but advised him to reject it because "the Government's case against him was weak and [because] the Petitioner was better served by proceeding to trial." After conferring with his mother and grandmother, he relied on counsel's advice and proceeded to trial. Sawyer attached to his petition affidavits from both his mother and grandmother, in which they attest to discussing the plea offer with Sawyer.

In its response, the government argued that Sawyer's petition failed to provide sufficient evidence that the government ever made him a plea offer. The government also argued that Sawyer had not sufficiently pleaded the required elements of a claim of ineffective assistance.

On May 6, 2015, the district court denied Sawyer's petition without holding an evidentiary hearing. It noted that Sawyer did not attach a proposed plea agreement or an affidavit from trial counsel regarding any such agreement. The court found that Sawyer's "unsubstantiated claims" did not "rise to the level of evidence needed to receive habeas relief or an evidentiary hearing." Sawyer timely appealed.

## DISCUSSION

Sawyer's sole argument on appeal is that the district court erred by failing to hold an evidentiary hearing on his claim that he received ineffective assistance of counsel regarding the plea-bargaining process. We review a district court's decision to rule on a § 2255 petition without an evidentiary hearing for an abuse of discretion. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016) (citation omitted).

A prisoner in federal custody may seek his release through a § 2255 petition by arguing that his "sentence was imposed in violation of the Constitution or the laws of the United States … ." 28 U.S.C. § 2255(a). The district court in which the petition is filed is required to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief … ." *Id.* § 2255(b).

Under the Sixth Amendment, criminal defendants are entitled to the effective assistance of competent counsel during the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). The two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to claims that counsel provided ineffective assistance by advising a defendant to reject a plea offer. *Lafler*, 566 U.S. at 162–63. Under that test, a defendant must show first, that his counsel's performance fell below an objective standard of reasonableness; and second, that "the outcome of the plea process would have been different with competent advice." *Id.* at 163. In the specific context presented here, the second prong of the test requires Sawyer to show that "there is a reasonable probability that the plea offer would

have been presented to the court, the court would have accepted it, and that the conviction or sentence or both would have been less severe than the judgment imposed." *Foster v. United States*, 735 F.3d 561, 566 (7th Cir. 2013) (citing *Lafler*, 566 U.S. at 163–64).

With that framework in mind, we find that the district court abused its discretion in determining that the record before it conclusively showed that Sawyer was not entitled to relief, and therefore, that no evidentiary hearing was required. The government's main argument against that conclusion is that Sawyer's petition did not provide sufficient evidence that the government ever made a plea offer. As support, it cites to cases in which we have held that a petitioner must provide something more than his own conclusory allegation that the government made an offer. *See Martin v. United States*, 789 F.3d 703 (7th Cir. 2015); *Gallo-Vasquez v. United States*, 402 F.3d 793 (7th Cir. 2005).

It is important to clarify that the petitioners' allegations in *Martin* and *Gallo-Vasquez* were problematic primarily because of their *conclusory* nature, rather than the fact that they came from the petitioners as interested parties. We take this opportunity, then, to emphasize that district courts may not discount a petitioner's declarations simply because they may be self-serving. *See Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013); *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003). To the extent the district court did so here, that was error.

Additionally, unlike the petitioners in *Martin* and *Gallo-Vasquez*, Sawyer provided the court with more than his own allegations on this point. His petition included affidavits from

his mother and grandmother, both of which attested to discussions with Sawyer regarding a plea offer. Sawyer's mother stated in her affidavit that Sawyer's attorney told her the government offered a 15-year plea deal, but he advised Sawyer to reject it. Sawyer's grandmother stated in her affidavit that she "was informed that the prosecution made a plea offer of 15 years."

The government contends that the affidavits are unreliable due to factual inconsistences between, and at times within, their accounts. Regardless of the extent to which the affidavits may be inconsistent as to the timing of an offer and when it was communicated to Sawyer, they certainly do not conclusively show that the government never made an offer. Instead, they present precisely the types of factual issues the district court must resolve through an evidentiary hearing.

It is also important to note that, in both its brief and at oral argument, the government could not state unequivocally that no offer was made. It could only state that it never made a "formal offer." In our view, that equivocation confirms the need for a hearing to determine the precise factual details of any plea bargaining that occurred.

If he is able to prove on remand that the government did offer a plea deal, Sawyer still will have to establish that his attorney's advice was objectively unreasonable and that, with competent advice, he would have accepted the plea deal. *See Lafler*, 566 U.S. at 162–63. At this point in the proceedings, however, Sawyer has sufficiently alleged both of those required elements.

His petition stated that his attorney advised him to reject the government's 15-year plea offer because he would be better served by proceeding to trial. That allegation stood uncontested on the record below and, if true, could support a finding that counsel's performance was objectively unreasonable, particularly given the ensuing guilty verdict and 50-year sentence. The details and veracity of those allegations, though, should be determined through an evidentiary hearing. It is certainly possible that Sawyer's counsel had valid strategic reasons behind the advice she provided. However, the record, as it stands now, does not contain sufficient information (e.g., testimony or an affidavit from Sawyer's counsel) for the district court to make that determination.

As to the prejudice prong, Sawyer's allegations and supporting affidavits are also sufficient to warrant a hearing. His own affidavit stated clearly that, absent his attorney's advice, he would have accepted a 15-year plea deal. His grandmother stated that, although he maintained his innocence, Sawyer told her he was willing to accept a 15-year offer. His mother stated that, based on discussions with Sawyer, she believed he would have accepted an offer for a sentence of less than 20 years. Finally, aside from the fact that Sawyer maintained his innocence throughout the proceedings, the government did not offer any other evidence to suggest, much less conclusively establish, that Sawyer would not have accepted such an offer. Sawyer's belief in his innocence does not conclusively demonstrate that he would have rejected a 15-year offer when advised properly on the prospect of receiving a much greater sentence.

## CONCLUSION

For the foregoing reasons, the judgment as to Count II of Sawyer's petition is **VACATED** and the case is **REMANDED** for proceedings consistent with this opinion.