In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-2592

ISAIAH HICKS,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15-CV-3078 — **James B. Zagel**, *Judge.*

ARGUED FEBRUARY 28, 2018 — DECIDED APRIL 2, 2018

Before MANION, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* A jury found Isaiah Hicks guilty of multiple drug offenses. He was sentenced to 360 months in prison. After we upheld his convictions and sentence on direct appeal, he filed a pro se motion under 28 U.S.C. § 2255 claiming that that he had received ineffective assistance of counsel. Hicks asserted that his attorney failed to explain to him the breadth of conspiracy law, understated the evidence against him, and failed to confer with him about pleading

guilty. Going to trial cost him a potential reduction in his of-fense level at sentencing, Hicks claimed, which would have lowered his recommended guideline range and ultimate sen-tence. The district court denied the § 2255 motion without a hearing. We affirm. Hicks's argument that his attorney's per-formance prejudiced him is too speculative to require an evi-dentiary hearing.

I.   *Factual and Procedural Background*

Hicks led an organization that processed, packaged, and sold drugs on Chicago's south side. *United States v. Long*, 748 F.3d 322, 325 (7th Cir. 2014). A jury found him and four co-defendants guilty of, among other offenses, conspiracy with intent to distribute over 50 grams of crack cocaine. See 21 U.S.C. § 841(b)(1)(A). Hicks's presentence investigation report put his offense level at 46, corresponding to a guideline sen-tence of life imprisonment. An offense level of 43 or higher results in a guideline recommendation of life imprisonment, even for defendants in criminal history category I. U.S.S.G. Ch. 5, pt. A. An offense level of 42 would have produced a range of 360 months to life for Hicks. At Hicks's sentencing hearing, the government requested a sentence of at least 30 years. Hicks's attorney argued for 20.

The district judge observed at sentencing that "the proper . . . offense level in this case probably is 45, but, of course the table stops at 43 and I thought it was immaterial to decide" the exact offense level. The judge noted that the "basic ques-tion" was whether to impose life imprisonment. The judge said that the recommended life sentence for Hicks would be fair given the large quantity of drugs at issue and Hicks's lead-ership role in the drug-distribution organization. But the judge decided to impose a below-guideline sentence of

360 months because he thought that Hicks was capable of reform.

After his unsuccessful direct appeal, Hicks moved under 28 U.S.C. § 2255 to vacate his sentence. In his motion and accompanying affidavit, Hicks asserted that his lawyer was ineffective because he did not explain federal conspiracy law to him and did not confer with him about the advantages of pleading guilty versus going to trial. Hicks further claimed in his reply brief that his lawyer had advised him that "there was a strong chance at walking." If the attorney had adequately explained Hicks's exposure from the conspiracy charge and the benefits of pleading guilty, Hicks swore, he would have pleaded guilty.

In response, the government argued that Hicks had failed to show that his attorney's actions prejudiced him because the § 2255 motion was not supported by evidence showing that the prosecutor had offered Hicks a plea agreement. The district judge agreed with the government and denied Hicks's motion without an evidentiary hearing. The judge reasoned that a guilty plea offered without any agreement would have had "no value" to Hicks. The scenario Hicks proposed—that his sentence would have been shorter if he had received an offense-level reduction for acceptance of responsibility— "would not have reduced the guideline range [below] 360 months to life."

We granted Hicks a certificate of appealability under 28 U.S.C. § 2253(c)(2) on the issue whether he had been denied effective assistance of counsel if, as he says, his lawyer failed to inform him about the benefits of pleading guilty without a plea agreement.

II. *Analysis*

On appeal, Hicks argues that he was entitled to an evidentiary hearing on whether his lawyer was ineffective. A hearing is required unless the record conclusively shows that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017). We review the denial of an evidentiary hearing for abuse of discretion, *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002), so the issue is whether the district court abused its discretion by finding "conclusively" that Hicks could not establish ineffective assistance of counsel.

To demonstrate ineffective assistance of counsel, Hicks must show that his attorney's performance was objectively deficient and that the deficient representation caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Galbraith*, 313 F.3d at 1008. Because "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," *Strickland*, 466 U.S. at 697, we address only the issue of prejudice and the speculative nature of any benefit to Hicks from a guilty plea.

The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Hicks points out that the district judge said incorrectly in the order denying post-conviction relief that his guideline range was "360 months to life," because it had actually been life imprisonment. The judge's conclusion that a reduction in Hicks's offense level could not have moved him into a lower range,

Hicks continues, was necessarily wrong because it was based on a faulty premise.

Hicks argues that there is a reasonable probability that a "blind" guilty plea (without a plea agreement) would have led to a sentence lower than 360 months. Assuming that his base offense level was 45, he asserts that the three-point reduction he would have received under U.S.S.G. § 3E1.1 in exchange for a blind guilty plea would have left him with an offense level of 42 and a guideline range of 360 months' to life imprisonment. This demonstrates sufficient prejudice, Hicks argues, because there was "a reasonable probability" he would have been sentenced to even less prison time. See generally *Missouri v. Frye*, 566 U.S. 134, 147 (2012). Moreover, he notes, in a direct appeal, revealing an error in his guideline range would often be enough to merit a new sentencing. See *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

We conclude that Hicks's argument is too speculative. Working from (1) the mistaken premise of an offense level of 45, Hicks assumes that by entering a blind plea, (2) he would have met the requirements for the two-point acceptance-of-responsibility adjustment, and (3) he would have made the plea in time and in a fashion that would have secured the government's agreement to the third point, and (4) that the judge then would have sentenced him below that lower guideline range. This path to potential relief involves too much conjecture.

First, Hicks cannot show that 45 was the correct offense level. As the government points out, according to the probation officer, Hicks's base offense level was 46, not 45. With a base offense level of 46, even a full three-point reduction

would have given Hicks a new offense level of 43. His guide-
line sentence recommendation would have remained life im-
prisonment. U.S.S.G. Ch. 5, pt. A. This forecloses any showing
of prejudice. Hicks's entire argument relies on the judge's
statement that his offense level was "probably" 45. But that
was evidently a slip of the tongue. The judge never indicated
that he was disagreeing with the presentence investigation re-
port's calculation of 46, let alone explained why he might have
disagreed. At most, the question of Hicks's base offense level
was left unanswered because it was irrelevant based on
Hicks's criminal history category of IV and the facts of his
case.

Second, even taking Hicks's argument at face value, there
is no evidence that he would have met the requirements for
the two-point reduction. Though the two questions are con-
nected, the reduction is for accepting responsibility, not
simply pleading guilty. And as the presentence investigation
report states, there is no information "indicating that [Hicks]
affirmatively accepted responsibility for his conduct." Even
now, Hicks does not declare that he accepts responsibility, so
there is no reason to believe that he in fact does and would
have said so before his trial.

Third, there is even less reason to think that if Hicks had
entered a timely blind guilty plea, the government would
have moved under U.S.S.G. § 3E1.1(b) for the third point.
Without a government motion, the point could not be
awarded. See *United States v. Nurek*, 578 F.3d 618, 624 (7th Cir.
2009). Many factors go into the government's decision. For ex-
ample, in one case the government refused to move for the
third point because the defendant pleaded guilty to only one

of the counts against him and showed no remorse. *Id.* In another, the government did not move for the third point because the defendant had been unclear about his intention to plead until late in the government's trial preparation. *United States v. Davila-Rodriguez*, 468 F.3d 1012, 1014–15 (7th Cir. 2006). Where defendants pleaded guilty but refused to give the government "a full and complete accounting of [their] own offense conduct" we condoned the government's position that "granting acceptance points would be inappropriate." *United States v. Boyle*, 484 F.3d 943, 945 (7th Cir. 2007). Without a reduction of three points, Hicks would have been in the same position: a guideline recommendation of life, see U.S.S.G. Ch. 5, pt. A, even assuming a (mistaken) starting offense level of 45.

Fourth and finally, Hicks argues that any change in his recommended guideline range likely would have changed his sentence because it would have pushed the district court to impose a shorter sentence. See *Molina-Martinez*, 136 S. Ct. at 1345. It is true that the guideline recommendation of life imprisonment was the district judge's "starting point and initial benchmark." *Id.*, quoting *Gall v. United States*, 552 U.S. 38, 49 (2007) (internal ellipsis and quotation marks omitted). But unlike in *Molina-Martinez*, there was no error here, only Hicks's assertion that perhaps circumstances could have been different. Unlike demonstrating an error in the guideline calculation, speculating about what might have been is not sufficient to show a reasonable probability of a different outcome.

Given the facts the district judge found important at sentencing, there is barely a theoretical possibility, let alone a "reasonable" probability, that the judge would have imposed a sentence shorter than 360 months. The "basic question" for

the judge was "whether [he would] impose life imprisonment," and he "would've imposed life imprisonment if [he] had thought that Hicks . . . would not change or had no chance at changing." The judge varied downward from life to 360 months only because he believed Hicks capable of reform. There is no reason to believe that the judge would have varied even further downward if the low end of the guideline range had been 360 months; all indications are that 30 years was the sentence he thought was appropriate under 18 U.S.C. § 3553(a).

Whether Hicks's offense level was 45 or 46, his claim of prejudice is insufficient to entitle him to an evidentiary hearing. See *George v. Smith*, 586 F.3d 479, 486 (7th Cir. 2009) ("Speculation based on hindsight" insufficient to show ineffective assistance). In any event, the only evidence that Hicks says he could have presented is his testimony that if counsel's advice had been different, he would have pleaded guilty. But the district judge read this assertion in Hicks's affidavit, and Hicks could not offer evidence that he would have received a three-point reduction if he had entered a blind guilty plea. Hicks did not allege facts that, if proven, would have entitled him to relief, so our inquiry ends here with the issue of prejudice. See *Strickland*, 466 U.S. at 697.

AFFIRMED.